11896. HINES, director-general, *v.* EDWARDS.

LUKE, J.   1. Upon the petition for certiorari and the answer of the justice of the peace it was not error for the judge of the superior court to overrule the certiorari.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*

DECIDED MARCH 8, 1921.

Certiorari; from Whitfield superior court — Judge Tarver. September 11, 1920.

For alleged " damage to two pair of automatic scales while in transit via the Southern Railway lines from Dalton to Gainesville, Georgia," November 9, 1919, suit for $65 was brought in a justice's court by A. L. Edwards against W. D. Hines, director-general of railroads. The plaintiff alleged: "that the said Southern Railway Company, its agents and employees, were negligent in handling the cases containing the automatic scales; that plaintiff called the attention of the agent at Dalton, Ga., to the fact that

the cases contained automatic scales, and paid an excess freight rate thereon, and that said railway company, its agents and employees, handled said cases in a rough manner by negligently and carelessly throwing said cases into and out of baggage cars while in transit, in such a way as to injure the delicate, fragile scales, the nature of said scales being fully known to the defendant, its agents and employees; that said cases were also marked thus: ' Glass, handle with care. ' "　The trial of the case resulted in a, judgment against the defendant for the amount sued for.　The defendant sued out certiorari, assigning error as follows:　" Petitioner avers that said court erred in holding that the local laws of the State prevail over the rules issued by the director-general of railroads, and in entering up·judgment as aforesaid; all of which rulings and findings of said court the petitioner assigns as error."　The certiorari was overruled and the defendant excepted.

From the magistrate's answer to the certiorari it appears that the·plaintiff testified as follows:　" On the 9th day of November, 1919, I purchased a first-class ticket from Dalton, Ga., to Gainesville, Ga., over the Southern Railway, and delivered to the baggage-master at Dalton, Ga., for shipment, three pair of automatic scales to be checked.　I told the baggage-master what the trunks contained, and described the nature of the scales to him.　In addition to this, each trunk had a printed sign on it, fully exposed to view, marked, " Glass, Handle with Care. "　The trunks in which the scales were contained were very strongly built, and the scales were securely bolted to the trunks.　They were so well packed that with any ordinary handling it would have been impossible to have broken them.　In these trunks the scales can be slid down an ordinary stairway without breaking them; and unless they were handled very roughly they would not break.　Judging from the injury they received, it is my opinion that they were thrown out of cars and roughly and negligently handled.　When the scales were checked to Gainesville the agent required excess charges, and I paid the excess charges which he demanded.　I was not asked by the agent to place a valuation on the scales, and for that reason I did not do so.　These scales were packed in the trunks by myself, and I know that they were in good condition when delivered to the Southern Railway Company.　When I got to Gainesville,

Ga., and received the three trunks containing the scales from the agent at Gainesville, Ga., and opened the trunks in the presence of the baggage agent at Gainesville, I found that two pair of the scales were badly damaged. I called the attention of the baggage agent to the damaged condition of the scales, and asked the agent what to do about it. The agent told me to have the scales repaired, and that the railroad company would pay me the cost of the repairs. I had the scales repaired, and the actual cost was $65, which amount was paid by me, the plaintiff, and I filed a claim with the railway authorities for this amount and payment was refused and suit brought." The plaintiff introduced a pamphlet showing a picture of the scales, and illustrating how they were bolted to the trunks, how they were built, and what the damage consisted of; illustrating also how hard it was to injure the scales by ordinary handling. The trunks had steel bands on the corners as a protection. The plaintiff further testified that he carried the scales as samples, and that it was not customary to sell and deliver the scales he carried, but that he carried them for samples only. On cross-examination he admitted that he had at some times sold his sample scales, but said that this was not his custom; that the reason he had three pair of scales with him on this particular trip was that he intended to put another salesman on the road at Gainesville, if he could procure another man to work for him, and that he intended to deliver one pair of the scales to that man; that he always carried two pair of scales, which he used for demonstrating purposes.

*James J. Copeland, Maddox, McCamy & Shumate,* for plaintiff in error. *F. K. McCutchen,* contra.